**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Brother SRI,<br><br>        Plaintiff,<br><br>v.<br><br>Sinun Altun,<br><br>        Defendant. | No. CV-25-00426-TUC-SHR<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 12) filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the following reasons, the Court will deny the Motion.

## I.    PROCEDURAL BACKGROUND

Plaintiff alleges it is a worldwide publisher of books, including The Lost Book of Herbal Remedies and The Lost Book of Herbal Remedies II. (Doc. 1 at 2.) Plaintiff claims Defendant, without authorization, advertised and sold these books online, including through Amazon and other marketplaces, labeling their condition as "new" and selling them at a "significantly inflated" price, thereby misleading consumers to believe "the listing reflects a premium authorized version or a limited official release." (*Id.*) Plaintiff alleges Defendant's representations constitute false advertising in violation of the Lanham Act because they are "likely to mislead a significant portion of consumers" and "resale of these works without Plaintiff's quality control, branding oversight, or packaging integrity

renders the products materially different." (Doc. 1 at 9.)

In July 2025, Plaintiff filed a Complaint against Defendant asserting the following claims: false advertising and unfair competition under the Lanham Act; unjust enrichment; tortious interference with business relationships; and violation of the Arizona Consumer Fraud Act. (Doc. 1 at 9–11.)  Defendant did not respond or otherwise appear.  In October, Plaintiff filed an application for entry of default, attaching proof of service showing Plaintiff had served Defendant by leaving a copy of the summons, Complaint, and exhibits with Defendant's spouse on September 13.  (Docs. 10, 10-1.)  The Clerk of Court entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 11.)  Plaintiff now seeks default judgment in its favor pursuant to Rule 55(b).  (Doc. 12.)

## II.    LEGAL STANDARD

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment under Rule 55(b) lies within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The district court's "starting point is the general rule that default judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering whether to enter default judgment against parties that have "failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  A default judgment entered by a district court devoid of personal or subject matter jurisdiction is void. *Id.*  A court has personal jurisdiction over a party where that party has sufficient "minimum contacts" with the territory "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  A court has federal-question subject matter jurisdiction where, "on the face

- 2 -

of the plaintiff's properly pleaded complaint," the civil action in question "aris[es] under the Constitution, laws, or treaties of the United States." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 392 n.6 (1987) (quoting 28 U.S.C. § 1331).

If personal and subject matter jurisdiction are established, the Court must then consider whether default judgment is proper under the *Eitel* factors. These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the defendant's default was the product of excusable neglect; and 7) the strong public policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471–72. In applying the *Eitel* factors for default judgment purposes, "well-pled allegations in the complaint regarding liability are deemed true." *Ariz. Bd. of Regents v. Doe*, 555 F. Supp. 3d 805, 815 (D. Ariz. 2021), *aff'd sub nom. Ariz. Bd. of Regents for and on behalf of Ariz. State Univ. v. Doe*, No. 21-16525, 2022 WL 1514649 (9th Cir. May 13, 2022) (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Allegations relating to damages are not taken as true upon default, and the plaintiff must prove damages sought. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. DISCUSSION

As a threshold matter, the Court has original and federal-question subject matter jurisdiction over Plaintiff's Lanham Act claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 15 U.S.C. § 1051 et seq. Defendant is subject to this Court's jurisdiction because he appears to be a resident of Arizona and service was effected upon him pursuant to Rule 4 of the Federal Rules of Civil Procedure at his residence in Tucson, Arizona. (Doc. 1 at 4; Doc. 10-1.) *See* Fed. R. Civ. P. 4(k)(1)(A) (stating service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court

of general jurisdiction in the state where the district court is located"). Further, because Defendant appears to be an Arizona resident, and because the acts giving rise to Plaintiff's claims occurred in Arizona, venue is satisfied. *See* 28 U.S.C. § 1391(b)(1), (2).

The Court now turns to the *Eitel* factors as they apply to Plaintiff's claims under the Lanham Act. As discussed, the second and third *Eitel* factors focus on the merits of Plaintiff's substantive claims and the sufficiency of the Complaint. *See Eitel*, 782 F.2d at 1471. These factors, often analyzed together, require courts to determine whether a plaintiff has "state[d] a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Courts often consider these factors "the most important." *Doe*, 555 F. Supp. 3d at 816 (quoting *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)). If a district court has "serious reservations" about the merits of a plaintiff's claims based on the pleadings, these factors weigh in favor of denying default judgment. *See Eitel*, 782 F.2d at 1472. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *See Adobe Sys., Inc. v. Tilley*, No. C09-1085 PJH, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010).

To state a Lanham Act false-advertising claim under 15 U.S.C. § 1125(a), a plaintiff must show: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). "To demonstrate falsity within the meaning

of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication . . . ." *Id.* The standard for proving literal falsity is rigorous. *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1185 (8th Cir. 2011). To be "literally false" the statement must be unambiguously false. *In re Century 21–RE/MAX Real Estate Advert. Claims Litig.*, 882 F. Supp. 915, 923 (C.D. Cal. 1994); *accord Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007) ("[O]nly an *unambiguous* message can be literally false. Therefore, if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false." (citation and internal quotation marks omitted)). Alternatively, a plaintiff may show the statement was literally true or ambiguous but likely to mislead or confuse consumers. *Southland*, 108 F.3d at 1139.

Even taking the allegations in Plaintiff's Complaint as true, *see Doe*, 555 F. Supp. 3d at 815, Plaintiff's claim is unlikely to succeed on its merits. Although Plaintiff claims "the resale of goods as 'new' where the seller lacks affiliation or control over the product's quality constitutes a material misrepresentation under 15 U.S.C. § 1125(a), particularly where the sale impairs the goodwill of the original manufacturer or publisher," Plaintiff fails to show Defendant's selection of "new" from a dropdown menu provided by Amazon to describe the books' condition is literally false. Indeed, Plaintiff makes no allegations the books were used, counterfeit, or altered in any way that might render Defendant's chosen label unambiguously and literally false. *See Steeplechase Arts & Prods., L.L.C. v. Wisdom Paths, Inc.*, 652 F. Supp. 3d 481, 490–92 (D.N.J. 2023) (finding Amazon listing of books as "new" not "literally" and "unambiguously" false even though books had been rebound with spiral bindings by third-party seller). While Plaintiff could also show the characterization is likely to mislead or confuse consumers, *see Southland*, 108 F.3d at 1139, Plaintiff fails to allege Defendant is selling anything other than a genuine copy of Plaintiff's book in unused, unaltered condition. Instead, Plaintiff asserts Defendant's resale of the books "without Plaintiff's quality control, branding oversight, or packaging integrity renders the products materially different" but points to no actual differences or dissatisfied

customers.  (Doc. 1 at 9.)  Plaintiff's lack of authorization or involvement in Defendant's reselling of the books, without more, does not constitute a violation of the Lanham Act. *See NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (holding sale of genuine trademarked product by seller unauthorized to sell not a violation of Lanham Act).

Because the second and third *Eitel* factors have not been met with respect to Plaintiff's claim under the Lanham Act, the Court will deny Plaintiff's Motion for Default Judgment with respect to this claim.[1]  *See GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, No. CV 22-7199-MWF (Ex), 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third *Eitel* factors alone.").  As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims pursuant to 28 U.S.C. § 1367(c).  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (When "all federal-law claims are eliminated before trial . . . judicial economy, convenience, fairness, and comity . . . point toward declining to exercise jurisdiction over the remaining state-law claims."); *Ewing v. Auto Transp. Grp., Inc.*, 3:20-cv-01964-WQH-AGS, 2021 WL 12181319, at *6 (S.D. Cal. May 28, 2021) (finding plaintiff was not entitled to default judgment on federal claims and declining to exercise supplemental jurisdiction over state-law claims).  The Court will dismiss Plaintiff's Complaint with leave to amend because Plaintiff may be able to cure its defects with respect to the Lanham Act claim.  Any amended pleading must cure the defects identified in this Order to ensure Plaintiff carries its burden on any subsequent motion for default judgment.

. . . .

---

[1] The Court will nevertheless briefly address the remaining *Eitel* factors, though its conclusion default judgment is unwarranted remains unchanged.  The first factor weighs in favor of granting default judgment because denying the motion would unduly prejudice Plaintiff by requiring it to litigate this action even though Defendant has not appeared. *United States v. $27,800 in U.S. Currency*, No. 17-CV-00533-AJB-KSC, 2017 WL 6345394, *4 (S.D. Cal. 2017).  The fifth and sixth factors also weigh in favor of granting default judgment because there is no dispute over material facts and no indication default is due to excusable neglect.  The seventh factor weighs against default judgment because cases generally "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  Finally, with respect to the fourth *Eitel* factor, damages in the current matter remain uncertain, and the Court finds this factor is neutral.

- 6 -

## IV.    CONCLUSION

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 12) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** Plaintiff may file a first amended complaint within **thirty (30) days** of the date this Order is filed.  If Plaintiff fails to file a first amended complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 20th day of May, 2026.

Honorable Scott H. Rash
United States District Judge