**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Global Brother SRI,

Plaintiff,

v.

Sinun Altun,

Defendant.

No. CV-25-00426-TUC-SHR

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT**

Pending before the Court is Plaintiff's Motion for Entry of Default as to its First Amended Complaint. (Doc. 17.) Plaintiff requests entry of default against Defendant Sinun Altun d/b/a "white lilies" pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiff filed its original Complaint (Doc. 1) on July 29, 2025, and subsequently filed an Application for Entry of Default (Doc. 10) based on Defendant's failure to plead or otherwise defend. Defendant was properly served with the summons and original Complaint. (Doc. 10-1 at 2.) After the Court denied Plaintiff's Motion for Default Judgment (Doc. 13), Plaintiff filed a First Amended Complaint (Doc. 14) on June 6, 2026. On October 29, 2026, Plaintiff filed the instant Motion for Entry of Default as to its First Amended Complaint (Doc. 17).

Under Federal Rule of Civil Procedure 55(a), the Clerk must enter default when a party against whom affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. Although the record does not contain proof

of service of the First Amended Complaint, Federal Rule of Civil Procedure 5(a)(2) provides "[n]o service is required on a party who is in default for failing to appear." A pleading asserting a new claim for relief against such a party, however, must be served under Federal Rule of Civil Procedure 4.

The Court has compared the original Complaint and the First Amended Complaint. (Docs. 1, 14.) Both pleadings assert four causes of action: (1) false advertising and unfair competition under 15 U.S.C. § 1125(a); (2) unjust enrichment; (3) tortious interference with business relationships; and (4) violation of the Arizona Consumer Fraud Act. Both concern Defendant's allegedly misleading advertising and sale of Plaintiff's books through Amazon, including representations the books were "New." The First Amended Complaint expands the allegations concerning Defendant's purchasing information, the source and condition of the books, the materiality of the "New" designation, and the resulting harm to Plaintiff. Those allegations elaborate on the existing claims arising from the same challenged listings and representations; they do not assert a new claim for relief against Defendant.

Because Defendant was in default for failing to appear when the First Amended Complaint was filed (Doc. 11), and because that pleading asserts no new claim for relief against Defendant, service of the First Amended Complaint was not required under Rule 5(a)(2). The absence of proof of service of that pleading therefore does not preclude entry of default. Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Entry of Default as to its First Amended Complaint (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter default under Federal Rule of Civil Procedure 55(a) against Defendant Sinun Altun d/b/a "white lilies."

Dated this 30th day of October, 2026.

Honorable Scott H. Rash
United States District Judge