**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Global Brother SRI,

Plaintiff,

v.

Sinun Altun,

Defendant.

No. CV-25-00426-TUC-SHR

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Pending before the Court is Plaintiff's Motion for Default Judgment as to its First Amended Complaint (FAC). (Doc. 21.) For the following reasons, the Court will deny the Motion.

## I. BACKGROUND

In July 2025, Plaintiff filed a Complaint against Defendant asserting the following claims: false advertising and unfair competition under the Lanham Act; unjust enrichment; tortious interference with business relationships; and violation of the Arizona Consumer Fraud Act. (Doc. 1 at 9–11.) Defendant did not respond or otherwise appear. In October, Plaintiff filed an application for entry of default, attaching proof of service showing Plaintiff had served Defendant by leaving a copy of the summons, Complaint, and exhibits with Defendant's spouse on September 13. (Docs. 10, 10-1.) The Clerk of Court entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 11.) Plaintiff sought default judgment in its favor pursuant to Rule 55(b). (Doc. 12.)

The Court denied Plaintiff's motion for default judgment because the original Complaint failed to allege facts showing Defendant's description of Plaintiff's books as "new" was false or misleading. (Doc. 13 at 5–6.) The Court dismissed the Complaint with leave to amend and directed Plaintiff to cure the identified deficiencies before renewing its request for default judgment. (*Id.* at 6–7.)

Plaintiff filed its FAC on June 6, 2026. (Doc. 14.) Defendant again failed to respond, and the Clerk entered default on November 2, 2026. (Doc. 19.) Plaintiff again seeks default judgment on all claims, a permanent injunction, and determinations regarding its entitlement to monetary relief, attorneys' fees, and costs. (Doc. 21.)

## II. LEGAL STANDARD

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment under Rule 55(b) lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The district court's "starting point is the general rule that default judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering whether to enter default judgment against parties that have "failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A default judgment entered by a district court devoid of personal or subject matter jurisdiction is void. *Id.* A court has personal jurisdiction over a party where that party has sufficient "minimum contacts" with the territory "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A court has federal-question subject matter jurisdiction where, "on the face of the plaintiff's properly pleaded complaint," the civil action in question "aris[es] under the Constitution, laws, or treaties of the United States." *Caterpillar Inc. v. Williams*, 482

U.S. 386, 392, 392 n.6 (1987) (quoting 28 U.S.C. § 1331).

If personal and subject matter jurisdiction are established, the Court must then consider whether default judgment is proper under the *Eitel* factors. These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the defendant's default was the product of excusable neglect; and 7) the strong public policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471–72. In applying the *Eitel* factors for default judgment purposes, "well-pled allegations in the complaint regarding liability are deemed true." *Ariz. Bd. of Regents v. Doe*, 555 F. Supp. 3d 805, 815 (D. Ariz. 2021), *aff'd sub nom. Ariz. Bd. of Regents for and on behalf of Ariz. State Univ. v. Doe*, No. 21-16525, 2022 WL 1514649 (9th Cir. May 13, 2022) (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Allegations relating to damages are not taken as true upon default, and the plaintiff must prove damages sought. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. DISCUSSION[1]

As discussed, the Court previously denied Plaintiff's first motion for default judgment because the original Complaint failed to allege facts showing Defendant's description of the books as "new" was false or misleading. (Doc. 13 at 5–6.) In denying Plaintiff's motion, the Court concluded unauthorized resale of genuine goods does not, without more, violate the Lanham Act. (*Id.*) Plaintiff's Complaint alleged no facts indicating the books were used, counterfeit, altered, or otherwise materially different from genuine copies in unused condition, nor did it identify facts supporting a reasonable

[1] The FAC does not materially alter the jurisdictional allegations considered in the Court's prior Order. The Court therefore adheres to its prior determination it has subject-matter jurisdiction over the Lanham Act claim and personal jurisdiction over Defendant. (Doc. 13 at 3–4.)

inference the "new" designation was otherwise likely to mislead consumers. (*Id.*) Thus, even accepting the well-pleaded allegations as true, the Complaint did not plausibly establish an actionable misrepresentation, and Defendant's default could not cure that deficiency. (*Id.* at 4–6.)

The FAC does not cure the previously identified deficiency. The original Complaint's exhibits referenced an invoice Defendant provided to Plaintiff. (Doc. 1-2 at 2–3.) Plaintiff now alleges this purchasing information did not establish every copy Defendant offered or sold was unused, complete, authentic, and in new retail condition. (Doc. 14 ¶¶ 30–37, 51, 58.) But the absence of documentation substantiating the books' condition does not itself render the "new" designation false or misleading. Plaintiff must allege facts supporting a reasonable inference of falsity or deception; it cannot satisfy that burden merely by asserting Defendant's invoice failed to establish the condition of every copy.

Nor do Defendant's prior retail purchases, lack of authorization, or higher resale price supply the missing factual basis. (*Id.* ¶¶ 4–7, 20, 27–28, 41.) As the Court previously explained, unauthorized resale of genuine goods does not, without more, violate the Lanham Act. (Doc. 13 at 5–6 (citing *NEC Electronics v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987)).) Plaintiff alleges consumers understand "new" to exclude any previously purchased or possessed copy but offers no factual allegations supporting that asserted consumer understanding. (Doc. 14 ¶ 7.) That unsupported assertion does not provide a plausible basis for a Lanham Act claim. Likewise, the fact Defendant sold the books at a higher price does not plausibly establish a false representation the books were an official, premium, or authorized edition. (*Id.* ¶¶ 20, 41.) In short, like the original Complaint, the FAC identifies no facts indicating that Defendant offered or sold books that were used, damaged, incomplete, counterfeit, altered, or otherwise inconsistent with the advertised condition, or that Defendant otherwise falsely represented an affiliation with Plaintiff.

Accordingly, the second and third *Eitel* factors—the merits of Plaintiff's claim and

the sufficiency of the pleading—continue to weigh against default judgment. The remaining factors do not overcome that deficiency. Because the second and third *Eitel* factors have not been met with respect to Plaintiff's claim under the Lanham Act, the Court will deny Plaintiff's Motion for Default Judgment with respect to this claim.[2] *See GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, No. CV 22-7199-MWF (Ex), 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third *Eitel* factors alone."). As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims pursuant to 28 U.S.C. § 1367(c). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (When "all federal-law claims are eliminated before trial . . . judicial economy, convenience, fairness, and comity . . . point toward declining to exercise jurisdiction over the remaining state-law claims."); *Ewing v. Auto Transp. Grp., Inc.*, 3:20-cv-01964-WQH-AGS, 2021 WL 12181319, at *6 (S.D. Cal. May 28, 2021) (finding plaintiff was not entitled to default judgment on federal claims and declining to exercise supplemental jurisdiction over state-law claims). The Court will dismiss Plaintiff's First Amended Complaint with leave to amend because Plaintiff may be able to cure its defects with respect to the Lanham Act claim. Because Plaintiff has not established entitlement to default judgment on its Lanham Act claim, the Court does not reach its requests for injunctive relief, monetary relief, attorneys' fees, costs, or a post-judgment accounting.

## IV. CONCLUSION

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 21) is **DENIED WITHOUT PREJUDICE.**

---

[2] The Court will nevertheless briefly address the remaining *Eitel* factors, though its conclusion default judgment is unwarranted remains unchanged. The first factor weighs in favor of granting default judgment because denying the motion would unduly prejudice Plaintiff by requiring it to litigate this action even though Defendant has not appeared. *United States v. $27,800 in U.S. Currency*, No. 17-CV-00533-AJB-KSC, 2017 WL 6345394, *4 (S.D. Cal. 2017). The fifth and sixth factors also weigh in favor of granting default judgment because there is no dispute over material facts and no indication default is due to excusable neglect. The seventh factor weighs against default judgment because cases generally "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Finally, with respect to the fourth *Eitel* factor, damages in the current matter remain uncertain, and the Court finds this factor is neutral.

**IT IS FURTHER ORDERED** Plaintiff's First Amended Complaint (Doc. 14) is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** Plaintiff may file a second amended complaint within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 23rd day of November, 2026.

Honorable Scott H. Rash
United States District Judge